## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MOTHER'S RECOVERY, INC.,

Plaintiff,

v.

LEONARDO VALENCIA, JR., HIGH PEAK
TRANSPORTATION, LLC., CARGO
GROUP INTERNATIONAL LOGISTICS,
CGI LOGISTICS, LLC and COLGATE-
PALMOLIVE COMPANY,

Defendants.

Civil Action No. 22-6182 (RK) (DEA)

**MEMORANDUM OPINION**

**KIRSCH, District Judge**

      **THIS MATTER** comes before the Court upon the Motion to Dismiss filed by Defendants

Cargo Group International Logistics ("Cargo Group"), CGI Logistics, LLC ("CGI"), and Colgate-

Palmolive Company ("Colgate-Palmolive") (together, "Movants"). (ECF No. 10.) Plaintiff filed

an opposition brief, (ECF No. 11), and Movants filed a reply brief. (ECF No. 17.) The Court has

considered the parties' submissions and resolves the matter without oral argument pursuant to

Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the

Motion to Dismiss is **DENIED**.

## I.    BACKGROUND

### A.    AMENDED COMPLAINT

      This matters stems from a dispute over responsibility for the cost of the cleanup and storage

of a tractor trailer that "collapsed" on a roadway in New Jersey. The Amended Complaint ("FAC")

alleges that Plaintiff Mother's Recovery, Inc. ("Plaintiff") removed the trailer, which contained

hazardous products, from the road and stored them at its own expense. Plaintiff now seeks compensation from five Defendants: the Movants Cargo Group, CGI, and Colgate-Palmolive, as well as non-Movants Leonardo Valencia, Jr. ("Valencia") and High Peak Transportation, LLC ("High Peak").[1]

As alleged in the FAC, Valencia was driving a tractor trailer containing Colgate-Palmolive's products from Laredo, Texas to Hamilton, New Jersey on October 31, 2021. (FAC ¶¶ 9–10.) While passing through Trenton, New Jersey, the trailer "collapsed in the roadway," impeding traffic and endangering bystanders. (*Id.* ¶ 10.) Valencia contacted Plaintiff, a New Jersey corporation based in Pennington, New Jersey, to request that Plaintiff "recover, remove and store [Colgate-Palmolive's] products, as well as tow and store the collapsed trailer for which cost was incurred by Plaintiff." (*Id.* ¶¶ 1, 11.) Valencia agreed to pay Plaintiff "for the cost of [its] services." (*Id.* ¶ 26.) Plaintiff alleges that it has stored Colgate-Palmolive's product, which New Jersey law requires to be stored and disposed of in a specific manner, at Plaintiff's facility since October 31, 2021. (*Id.* ¶¶ 12–13.) The cost "under new Jersey law" for storing the trailer is $125 per day and for storing Colgate-Palmolive's product is $500 per day. (*Id.* ¶ 15.) Plaintiff claims its associated costs have amounted to over $225,000. (*Id.*)

The FAC alleges that Cargo Group, CGI, and High Peak were the "master and/or employer of Defendant Valencia and [are] responsible for the actions and conduct of the employee/servant [Valencia]." (*Id.* ¶ 23.) CGI was the "freight broker" responsible for "arrang[ing] for compensation, the transportation of [Colgate-Palmolive's] products," and Cargo Group was the "freight forwarder, responsible for the handling and shipment of [] Colgate-Palmolive's products."

---

[1] Plaintiff filed proof of service on Valencia and High Peak in March 2023, (ECF Nos. 15, 16), after Movants filed the pending Motion to Dismiss. Valencia and High Peak have not yet appeared in the matter.

(*Id.* ¶¶ 18–19.) In support of its claim that CGI and Cargo Group are "vicariously liable" for Valencia's acts "within the scope of the employment/agency" relationship, (*id.* ¶ 24), the FAC alleges several ways in which CGI and Cargo Group exercised control over Valencia's actions. For example, CGI and Cargo Group:

> controlled the transportation operation, manner, conduct and/or actions of Defendant Valencia, such as: coordinating the timing of the pickup and delivery; controlling Defendant Valencia's actions including inspecting the loading of said product, requiring daily 'check-in' at 10:00 am; requiring the trailer to be of specific standards; requiring verification of the quantity of the load at pickup; and directing the route and manner of travel.

(*Id.* ¶ 20.) Additionally, CGI and Cargo Group did not permit Valencia to "bill or charge [Colgate-Palmolive] for the transportation services provided," controlled how Colgate-Palmolive would pay Valencia, and "retained the authority to impose charges" on Valencia if he did not follow their specific instructions. (*Id.* ¶¶ 21–22.)

Plaintiff alleges that it made "multiple communications" with Valencia, High Peak, CGI, and Cargo Group seeking "reimbursement for the cost of recovering, towing and stor[ing]" Colgate-Palmolive's product and the trailer, and sought Defendants to retrieve the product from Plaintiff's facility. (*Id.* ¶ 14.) Defendants refused to retrieve the product or damaged trailer or pay for their disposal. (*Id.* ¶ 16.)

The FAC alleges three counts. Count One alleges a breach of contract claim against Valencia, High Peak, CGI, and Cargo Group, alleging that the latter three Defendants are bound by the agreement Valencia made to compensate Plaintiff for retrieving and storing the trailer and product. (*Id.* ¶¶ 25–30.) Count Two brings an unjust enrichment claim against all Defendants, alleging that it would be "inequitable and unjust for [Defendants] to be provided services without compensating Plaintiff Mother's Recovery, Inc." (*Id.* ¶¶ 31–34.) Count Three claims promissory

estoppel against Valencia, High Peak, CGI, and Cargo Group, alleging that Valencia promised Plaintiff that High Peak, CGI, and Cargo Group would pay Plaintiff for the services provided, that Plaintiff relied on that promise, and that High Peak, CGI, and Cargo Group are bound by the promise. (*Id.* ¶¶ 35–39.)

### B.   PROCEDURAL HISTORY

Plaintiff filed its initial Complaint on October 20, 2022. (ECF No. 1.) Movants filed their first motion to dismiss on January 25, 2023. (ECF No. 6.) Several days later Plaintiff filed an Amended Complaint as of right, (ECF No. 7), which is the currently operative pleading. On February 21, 2023, Movants filed the pending Motion to Dismiss. ("Defs.' Br.", ECF No. 10.) Plaintiff filed an opposition brief, ("Pl.'s Br.", ECF No. 11), and Movants filed a reply brief, ("Defs.' Reply", ECF No. 17).[2]

## II.   **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), the court may dismiss a complaint for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal pursuant to this rule, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers labels and

_____

[2] Citations to Defendants' opening and reply briefs are to the pagination on those documents. Citations to Plaintiff's opposition brief, which is not paginated, refer to the ECF page numbers and are indicated by an asterisk.

conclusions or a formulistic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted); *see also Valentine v. Unifund CCR, Inc.*, No. 20-5024, 2021 WL 912854, at *1 (D.N.J. Mar. 10, 2021) ("Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth." (citing *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011))).

## III.   DISCUSSION

Movants seek dismissal on the grounds that the FAC fails to allege a contract existed between any of the Movants and Plaintiff. (Defs.' Br. at 8–9.) Plaintiff responds that the FAC contains sufficient factual allegations that two of the Movants—CGI and Cargo Group—were Valencia's principal or employer such that they are sufficiently bound by his agreement or promise with Plaintiff, and that Plaintiff alleged facts to support each element of its contract, promissory estoppel, and unjust enrichment claims. (Pl.'s Br. at *6–12.) On reply, Movants reiterate that there is a "complete lack of facts to make Cargo Group, CGI or [Colgate-Palmolive] liable for an alleged promise by Valencia or [High Peak]." (Defs.' Reply at 3.)

While the FAC is not the model of clarity, the Court finds that its factual allegations are sufficient to put Movants on notice as to each of Plaintiff's three claims and for the FAC to survive dismissal under Rule 12(b)(6).

### A.   COUNTS ONE AND THREE

The FAC levels Counts One and Three, alleging contract and promissory estoppel claims, against only two of the three Movants—CGI and Cargo Group.[3] Both Counts are premised on the

---

[3] Movants argue that Cargo Group, CGI, and Colgate-Palmolive each did not enter a contract with or make a promise to Plaintiff. However, the FAC does not make this claim against Colgate-Palmolive or allege that Valencia was Colgate-Palmolive's agent. Only Count Two, for unjust enrichment, is brought against Colgate-Palmolive.

allegation that Valencia's agreement with or promise to Plaintiff bound CGI and Cargo Group. Therefore, before reaching the specific Counts, the Court considers whether Valencia's agency relationship with CGI and Cargo Group is sufficiently alleged to survive dismissal.

At the outset, the Court notes that Movants have failed to address the FAC's allegation that Valencia was CGI's or Cargo Group's agent. Movants' eight-page opening brief argues that the FAC did not allege a contractual relationship between Plaintiff and Movants. (Defs.' Br. at 7–8.) However, the critical allegation in the FAC is that Valencia was CGI's or Cargo Group's agent or employee. (FAC ¶ 24.) By choosing not to address this allegation, Movants have waived the argument that the FAC fails to sufficiently allege an agency/employment relationship. *See Laborers' Int'l Union of N. Am., AFL–CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief.").

Even after Plaintiffs responded to the opening brief by pointing out the portions of the FAC that alleged an agency or employment relationship, Movants' reply brief does not discuss those allegations or cite any cases discussing whether a complaint adequately alleges an agency relationship. Rather, Defendants argue that Plaintiff should have sued only Valencia and High Peak, sought discovery from those Defendants, and "if and only *if* the Plaintiff then develops actual facts (not the unsupported guesswork in the Amended Complaint), then Plaintiff can . . . amend to join Cargo Group, CGI or C-P." (Defs.' Reply at 3.) Movants cite no authority for this proposition apart from general recitations of the motion to dismiss standard.[4]

---

[4] Movants also cite *Abramson v. Affinity Fed. Credit Union*, No. 20-13104, 2021 WL 3885325, at *2 (D.N.J. Aug. 31, 2021), for the proposition that "no presumptive truthfulness attaches to the Amended Complaint's allegations." (Defs.' Reply at 4–5.) However, that line from *Abramson* recites the standard for hearing a *factual* challenge to a court's subject matter jurisdiction, in which the court "consider[s] evidence outside the pleadings." *Abramson*, 2021 WL 3885325, at *2. It is axiomatic that on a motion to dismiss brought pursuant to Rule 12(b)(6), a presumption of truthfulness *does* attach to a complaint's allegations. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (noting that the Court "must accept all of the complaint's well-pleaded facts as true").

In the interest of thoroughness, the Court briefly considers whether Plaintiff has sufficiently alleged an agency relationship to survive dismissal. "An agency relationship is created when one party consents to have another act on its behalf, with the principal controlling and directing the acts of the agent." *Sears Mortgage Corp. v. Rose*, 634 A.2d 74, 79 (N.J. 1993) (citations omitted). An agency relationship can be implied from parties' "factual relation," analyzed by "the nature or extent of the function to be performed, the general course of conducting the business, or from particular circumstances in the case." *Id.* (quoting *Carlson v. Hannah*, 78 A.2d 83, 88 (N.J. 1951)). To survive a motion to dismiss, the complaint "must allege more than the mere legal conclusion that a principal-agent relationship existed" but does not "need[] to contain some kind of proof of this relationship." *Adams Extract & Spice, LLC v. Van de Vries Spice Corp.*, No. 11-720, 2011 WL 6756973, at *3 (D.N.J. Dec. 23, 2011).

The Court finds that the FAC's allegations regarding the relationship among Cargo Group, CGI, and Valencia are sufficient to "raise [the] right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The FAC asserts the CGI was a "freight broker" and Cargo Group was a "freight forwarder," and that between them, they were responsible for all aspects of shipping Colgate-Palmolive's product. (FAC ¶¶ 18–22.) More specifically, the FAC states that CGI and Cargo Group set the details of the product's pickup and delivery, inspected the product's loading, checked in with Valencia each day during the transportation, specified Valencia's route and manner of transportation, and controlled Valencia's manner of compensation. (*Id.*) These allegations, especially when considered in light of Movants' failure to discuss them or cite the Court to relevant authority that would militate the opposite outcome, are sufficient to survive the motion to dismiss.

### 1.    Count One – Breach of Contract

Count One alleges that Cargo Group and CGI, through Valencia's actions, breached their contract with Plaintiff to pay for Plaintiff to clean up and store the trailer and Colgate-Palmolive products. (*Id.* ¶¶ 25–30.) Movants argue that they cannot be held liable on a contract that "does not exist and which the Plaintiff did not bother to attach to the Amended Complaint." (Defs.' Br. at 7.) Movants further argue that the FAC's contractual allegations are deficient because they "contain[] no date, no terms, no price, no service and no specific party." (*Id.* at 9.)

To state a claim for breach of contract, a plaintiff "must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007) (citation omitted). To allege the existence of a valid contract, a plaintiff must plead "(1) a meeting of the minds; (2) an offer and acceptance; (3) consideration; and (4) reasonably certain contract terms." *Gant v. Ragone*, No. 20-01727, 2020 WL 6797125, at *7 (D.N.J. Nov. 19, 2020) (applying this test to a claim involving an alleged oral contract) (citing *Sheet Metal Workers Int'l Ass'n Loc. Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2013) (internal citations omitted)).

At the motion to dismiss stage, a complaint need not allege exhaustive detail about the parties' agreement. *See In re Tower Air, Inc.*, 416 F.3d 229, 237 (3d Cir. 2005) ("[A] plaintiff will not be thrown out of court on a Rule 12(b)(6) motion for lack of detailed facts."). The only requirement is that the complaint give the defendants fair notice of the claim and its basis. *See Myers v. MedQuist, Inc.*, No. 05-4608, 2006 WL 3751210, at *6 (D.N.J. Dec. 20, 2006). As long as a complaint alleges "when the contract was entered, the parties to the contract, the essential terms of the contract, how [the defendants] breached the contract, and that [the plaintiff] fully

performed [its] obligations under the contract," the claim may proceed past motion to dismiss. *W.H.P.M., Inc. v. Immunostics, Inc.*, No. 18-16031, 2020 WL 359146, at *4 (D.N.J. Jan. 22, 2020) (finding that a complaint had sufficiently alleged a breach of contract despite the fact that it did not allege "whether the contract was written or oral, the identity of the parties, how the parties manifested consent, the identity of the parties, or if there was consideration").

Plaintiff has sufficiently alleged the terms of the agreement between Plaintiff and Valencia, Cargo Group's and CGI's alleged agent, such that a factfinder could find a contract existed between Plaintiff and Cargo Group and CGI. Plaintiff alleges that on October 31, 2021, Valencia contacted Plaintiff to remove the trailer and its contents collapsed on the roadway. Valencia agreed Cargo Group and CGI would pay Plaintiff the cost of its services. Plaintiff performed under the contract by removing the trailer and hazardous Colgate-Palmolive product, and Cargo Group and CGI breached by refusing to pay for the costs of removal and storage. Plaintiff suffered damages by performing work and having to store hazardous materials without compensation, which has forced Plaintiff to incur costs of over $200,000. Consequently, Movants' motion to dismiss Count One against CGI and Cargo Group is denied.

### 2.    *Count Three – Promissory Estoppel*

Count Three alleges promissory estoppel against Cargo Group and CGI. (FAC ¶¶ 35–39.) Movants argue that this Count must be dismissed because it fails to state a claim for breach of contract. (Defs.' Br. at 9.) Plaintiff responds by reciting the elements of a promissory estoppel claim under New Jersey law and explaining how the FAC alleges facts sufficient to meet each element. (Pl.'s Br. at *10–11.) To make out a claim for promissory estoppel, a plaintiff must prove four elements: "(1) a clear and definite promise; (2) made with the expectation that the promisee

will rely on it; (3) reasonable reliance; and (4) definite and substantial detriment." *Toll Bros. v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 944 A.2d 1, 19 (N.J. 2008) (citation omitted).

Plaintiff has sufficiently alleged facts that could support a claim for promissory estoppel. The FAC alleges a clear and definite promise by Valencia on Cargo Group's and CGI's behalf to pay Plaintiff for its services—that Plaintiff would remove and store the trailer and Colgate-Palmolive products in exchange for compensation. Valencia made the promise with the expectation Plaintiff would rely on it—because without the promise of compensation, Plaintiff would not have removed and stored the trailer and products. Plaintiff's reliance on the promise was reasonable under the circumstances. Finally, Plaintiff has sufficiently alleged harm in that it is stuck with Colgate-Palmolive's hazardous product that will be expensive to dispose of in compliance with New Jersey law. Therefore, Movants' motion to dismiss Count Three against CGI and Cargo Group is denied.[5]

## B.   COUNT TWO – UNJUST ENRICHMENT

Count Two alleges that Plaintiff's actions "benefitted" Movants and that it would be "inequitable and unjust" for Movants to receive the benefit of Plaintiff's services without compensating Plaintiff. (FAC ¶¶ 31–34.) Movants contend that this Count must be dismissed because it "only says Defendants vaguely 'benefitted from [Plaintiff's] services'" and that "[a]n allegation of 'benefitting' is not a cause of action." (Defs.' Br. at 9 (quoting the FAC).) Plaintiff

---

[5] Courts sometimes dismiss promissory estoppel claims, even at the motion to dismiss stage, when the claims are "nothing more than a recasting of [a] breach of contract claim." *Zydus Worldwide DMCC v. Teva API Inc.*, 461 F. Supp. 3d 119, 141 (D.N.J. 2020). However, because it is unclear whether discovery will uncover sufficient facts to establish that a contract existed between plaintiff, the case is still in its infancy, and Movants have not sought dismissal on this ground, the Court will permit both claims to proceed even though Plaintiff will not be able to recover on both. *See Wilenta Carting, Inc. v. Wenner Bread Prod., Inc.*, No. 16-6709, 2017 WL 2799692, at *2 (D.N.J. June 28, 2017) (noting that "a plaintiff may plead alternative and inconsistent legal causes of action arising out of the same facts" and denying a motion to dismiss where plaintiff pled claims for promissory estoppel and breach of contract claims).

responds by reciting the elements of an unjust enrichment claim and explaining how the FAC alleges facts sufficient to meet each element. (Pl.'s Br. at *9–10.)[6]

New Jersey law recognizes a common law cause of action for unjust enrichment. The New Jersey Supreme Court has articulated the required proof:

> To prove a claim for unjust enrichment, a party must demonstrate that the opposing party received a benefit and that retention of that benefit without payment would be unjust. That quasi-contract doctrine also requires that plaintiff show that it expected renumeration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of renumeration enriched defendant beyond its contractual rights.

*Thieme v. Aucoin-Thieme*, 151 A.2d 545, 557 (N.J. 2016) (citations and quotation marks omitted). "To establish a claim for unjust enrichment under New Jersey law, a plaintiff must allege 'both that defendant received a benefit and that retention of that benefit without payment would be unjust.'" *Adamson v. Ortho-McNeil Pharm., Inc.*, 463 F. Supp. 2d 496, 505 (D.N.J. 2006) (quoting *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 554 (N.J. 1994)).

The facts alleged in the FAC are sufficient to make out an unjust enrichment claim. First, Movants received a benefit when Plaintiff removed and stored the trailer and products. Movants would otherwise have been responsible for disposing of the products, which the FAC alleges New Jersey law requires be disposed of in a specific manner. Second, Plaintiff expected compensation from one of the Movants when Valencia requested its assistance in removing and storing the products. Finally, it would be unjust to permit Plaintiff to be stuck with the cost of the storing or disposing of the Colgate-Palmolive's product that CGI and Cargo Group were transporting on its

---

[6] Even if Movants were confused about the theory of liability alleged in Count Two in their opening brief, Plaintiff's opposition brief explicitly mentioned "unjust enrichment" and recited the elements of the claim in arguing that they had been alleged in the FAC. (Pl.'s Br. at *9–10.) However, Movants declined to address the unjust enrichment claim on reply as well, focusing instead on their contract arguments which do not bear on the unjust enrichment claim. (*See* Defs.' Reply.)

behalf. Therefore, Movants' motion to dismiss Count Two against CGI, Cargo Group, and Colgate-Palmolive, is denied.

IV.     **CONCLUSION**

For the foregoing reasons, Movants' Motion to Dismiss is **DENIED**. An appropriate Order accompanies this Memorandum Opinion.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: November 17, 2023